# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. |
| TOWN OF CHAPEL HILL, TENNESSEE, | ) ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

The Plaintiff, Tennessee Riverkeeper, files this Complaint as follows:

## NATURE OF THE CASE

1. This is a citizen's suit, brought pursuant to the provisions of Section 505(a)(1) of the Federal Water Pollution Control Act, also known as the Clean Water Act (hereinafter "CWA"), as amended, 33 U.S.C. § 1365(a)(1), to address violations of the CWA by Defendant, Town of Chapel Hill, Tennessee ("Chapel Hill" or "the City") arising out of illegal discharges of pollutants from the Chapel Hill Sewage Treatment Plant ("STP") at Chapel Hill, Marshall County, Tennessee.

2. Defendant Chapel Hill is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System ("NPDES").

3. Chapel Hill is violating provisions of its NPDES permit by allowing its STP to discharge pollutants to the waters of the United States and waters of the state while failing to abide by the

1

discharge limitations mandated by its permit. Riverkeeper seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of litigation costs, including attorney and expert witness fees, for Defendant Chapel Hill's repeated and ongoing violations of the CWA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint by virtue of Section 505(a)(1) of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a)(1). Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1331 (Federal question).

5. Venue is appropriate in the Middle District of Tennessee pursuant to 33 U.S.C. § 1365(c)(1) and because the acts, omissions, and/or violations complained of herein occurred, and continue to occur, at Marshall County, Tennessee, within the Middle District of Tennessee.

## NOTICE

6. Tennessee Riverkeeper ("Riverkeeper") has complied with the pre-suit notice provisions of the CWA. Pursuant to 33 U.S.C. § 1365(b)(1)(A), 40 C.F.R. Part 135, Riverkeeper, on February 28, 2024, gave the Town of Chapel Hill notice of the violations alleged herein and its intent to sue after the expiration of sixty (60) days ("February Notice")(Exhibit A). At the same time, Riverkeeper mailed a copy of the February Notice to the Administrator of the Environmental Protection Agency ("EPA"), the Regional Administrator of Region IV of the EPA, and the Commissioner of the Tennessee Department of Environment and Conservation ("TDEC"). Service of notice on Defendant was by certified mail. More than 60 days have passed since the February Notice was served on Defendant and these agencies.

7. Since Riverkeeper gave notice, the violations complained of have not ceased, and are ongoing. Neither the EPA nor the State of Tennessee has commenced and diligently prosecuted a

2

Case 1:24-cv-00050    Document 1    Filed 05/12/24    Page 2 of 9 PageID #: 2

civil or criminal enforcement action in a court of the United States or a state for the violations. Furthermore, prior to the February Notice, neither the EPA nor the State of Tennessee commenced and diligently prosecuted an administrative action under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations and Riverkeeper is filing this action within 120 days of the February Notice.

8. Neither the EPA nor the state has issued a final order not subject to further judicial review and the Defendant has not paid a penalty assessed under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations.

9. Riverkeeper will, immediately upon receipt of a file stamped copy of this Complaint, mail a copy of this Complaint to the Administrator of the EPA, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred, and the Attorney General of the United States.

## **PARTIES**

10. Riverkeeper is a non-profit corporation formed in the State of Alabama and granted authority to operate in Tennessee by the Division of Business Services, State of Tennessee, as a nonprofit foreign corporation. Riverkeeper has approximately 1,500 members, and is dedicated to the preservation, protection, and defense of the Tennessee and Cumberland Rivers and their tributaries. Riverkeeper actively supports effective enforcement and implementation of environmental laws, including the CWA, on behalf of and for the benefit of its members.

11. Members of Tennessee Riverkeeper have recreated in, on or near, or otherwise used and enjoyed, or attempted to use and enjoy, the Duck River in the past, and they intend to do so in the future. They have a direct and beneficial interest in the continued protection, preservation, and

3

Case 1:24-cv-00050    Document 1    Filed 05/12/24    Page 3 of 9 PageID #: 3

enhancement of the environmental, aesthetic, and recreational values in the Duck River and its tributaries. The quality of these waters directly affects the recreational, aesthetic, and environmental interests of certain members of Tennessee Riverkeeper. The recreational, aesthetic, and environmental interests of certain of Tennessee Riverkeeper's members have been, are being, and will be adversely affected by the Defendant's continued violation of the NPDES permit requirements, Tennessee NPDES rules, and the CWA as alleged in this complaint.

12. Members of Tennessee Riverkeeper now recreate less on the Duck River because of the Defendant's illegal discharges. The violations alleged herein have had a detrimental impact on those members' interests because the violations have adversely affected and/or diminished aquatic life and water quality in the Duck River and have made the Duck River less suitable for fishing, boating, wading, walking, observing nature, or relaxing. Said members would recreate more in and around Duck River but for Defendant's illegal discharges of pollution. Riverkeeper's members will recreate more often in or near Duck River once the Defendant's illegal discharges cease.

13. Petrus (Rus) Snijders is a member of Tennessee Riverkeeper. He is a professional kayak tournament fisherman and fishing guide. He likes to fish in Duck River. He is concerned about pollution in Duck River. When he kayak fishes in the summer, he likes to take a swim to cool off and he does not want to swim in polluted water. He is concerned about the effects of pollution on the environment and aquatic wildlife. He is also concerned about the effects of polluted water on his guide service. His Declaration is attached hereto as Exhibit B.

14. Riverkeeper is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

15. Defendant, Chapel Hill, is a Tennessee municipality within the Middle District of Tennessee, with principal offices at Chapel Hill, Tennessee. Chapel Hill is the owner and operator of the Chapel Hill STP and is in control of the facility.

16. Chapel Hill is a "person" within the meaning of 33 U.S.C. §§1362(5) and 1365(a)(1).

## STATUTORY BACKGROUND

17. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the CWA. Among other things, Section 301(a) prohibits such discharges not authorized by, or in violation of the terms of, a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

18. The State of Tennessee has been delegated the authority to implement the permitting programs of the Act by the EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b). TDEC is the water pollution control agency for purposes of the Act and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Tennessee.

19. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms and conditions of NPDES permits. 33 U.S.C. § 1365(f).

## GENERAL ALLEGATIONS

20. This is an action for declaratory judgment, injunctive relief, civil penalties, and litigation costs, including reasonable attorney's and expert witness fees, to enforce provisions of the CWA, and regulations adopted pursuant to said act.

21. Chapel Hill is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec.* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System.

22. Chapel Hill was issued NPDES permit number TN0064670 which authorizes the permit holder to discharge treated municipal wastewater from its sewage treatment plant through Outfall 001 into Duck River at mile 185.5, subject to stated discharge limitations and monitoring requirements. All discharges must be in accordance with effluent limitations, monitoring requirements, and other conditions set forth in the NPDES Permit. Any permit noncompliance constitutes a violation of applicable state and federal laws and is grounds for enforcement action. *See,* Permit Pt. II, §C.1. Chapel Hill is subject to strict liability for any violations of its NPDES Permit.

23. As set forth in the February Notice, attached hereto as Exhibit "A" and incorporated by reference herein, and in Counts One and Two, below, Chapel Hill has violated the CWA by operating its STP in a manner which discharges pollutants to the waters of the United States and waters of the state in violation of its NPDES Permit and/or outside the coverage of its permit.

24. The violations set forth herein and in the February Notice are continuing and ongoing, or are likely to recur, as of the date of this Complaint.

## COUNT ONE
## DISCHARGES OF POLLUTANTS TO SURFACE WATERS IN VIOLATION OF AN NPDES PERMIT AND THE CLEAN WATER ACT

25. The Plaintiff hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 24 herein as if fully set out in this count.

26. Chapel Hill is in violation of section 301(a) of the CWA, 33 U.S.C. §§ 1311, and 40 C.F.R § 122.1, *et seq.*, as well as similar provisions of Tennessee law. *See* T.C.A. § 69-3-108 and § 69-3-115. These laws require that no person shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System.

27. Chapel Hill is in violation of provisions of the stated permit by operating its STP in a manner which discharges pollutants to the waters of the United States and waters of the state in excess of the permit limitations, as demonstrated by Discharge Monitoring Reports submitted to the TDEC. These activities include, but are not limited to, the specific dates and exceedances set forth in Appendix A.

28. Defendant Chapel Hill should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES permit, the TWQCA, and the CWA.

29. Defendant Chapel Hill should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which the Defendant is liable, each day that Chapel Hill has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day is has occurred and will occur after the filing of this Complaint.

30. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue to commit these or similar violations in the future.

31. These violations have an adverse impact on waters of the United States and waters of the state, specifically the Duck River, and on the recreational, aesthetic, and environmental interests of the Riverkeeper's members in those waterways as set out in paragraphs 11 thru 13 herein above.

## COUNT TWO
## INJUNCTIVE RELIEF

32. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 31 above as if fully set out in this count.

33. The violations set out herein will continue unless this Court enjoins Defendant from continuing to violate its permit.

34. These violations have caused irreparable injury to some of Riverkeeper's members. Riverkeeper has no adequate remedy at law for the injuries caused to its members by Defendant's ongoing violations in that Riverkeeper would be forced to bring repeated and burdensome actions for each new injury to its interests if Defendant's ongoing violations are not enjoined.

35. An injunction will be in the public's interest in this case. Because Defendant is in continuing violation of the law, the equities for an injunction weigh in Riverkeeper's favor.

36. Therefore, Riverkeeper brings this cause of action to enjoin Defendant from engaging in any other affirmative act or conduct which would contribute to further permit violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Riverkeeper respectfully requests that the Court grant the following relief:

   a. Plaintiff Riverkeeper requests the Court render a judgment finding and declaring that Defendant Chapel Hill has violated and is in violation the CWA, 33 U.S.C. § 1311(a), and Tennessee NPDES rules;

b. Plaintiff Riverkeeper requests and petitions this Court to enjoin the violations and any and all illegal conduct by Defendant set out and alleged in Count One above and issue an injunction compelling Defendant to remedy the illegal discharges of pollutants into waters of the United States;

c. Plaintiff Riverkeeper requests and petitions this Court to assess a $74,958.04 civil penalty (*see* 40 CFR § 19) against Defendant Chapel Hill for each violation and each day of continuing violation of the CWA for which Defendant is found liable pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a);

d. Plaintiff Riverkeeper requests and petitions this Court for an award of litigation costs, including reasonable attorney's fees and expert fees, as authorized by 33 U.S.C. § 1365(d); and

e. For such other, further or more general relief as this Court may deem appropriate.

Respectfully submitted this the 12th day of May, 2024.

 _s/ Mark E. Martin_____  
Mark E. Martin  
Alabama Bar No: 9361-A41M  
(Admitted to USDC Middle District of Tennessee)  
P.O. Box 1486  
Oneonta, AL 35121  
Telephone: (205) 516-9350  
mmartin@markemartin.com  

*Attorney for Plaintiff Tennessee Riverkeeper, Inc.*

**Plaintiff demands trial by struck jury.**